[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 9, 1994, the Superior Court of Bryan county, State of Georgia (Cavendar, J.), entered a protective order against the plaintiff and in favor of the defendant, and granted to the defendant, mother, the temporary custody of the parties' minor child. The order was entered pursuant to the Family Violence Act of the State of Georgia, and the court expressly found that it had jurisdiction under authority provided by the Uniform Child Custody Jurisdiction Act, O.C.G.A. Section 19-9-40 et. seq. The plaintiff was personally served with the ex parte order in Connecticut on May 16, 1994. The order indicated a hearing would be held in Georgia on June 7, 1994 as to whether the order would be continued.
On May 16, 1994, the plaintiff instituted this present action seeking a dissolution of marriage, joint custody of the minor child and financial relief. The plaintiff also sought a temporary injunction requesting the return of the minor child to Connecticut. Service of process of these actions were perfected by service on the defendant on June 6, 1994.
This court held hearings to resolve the threshold question of which state has jurisdiction over the issue of custody of the minor child.
The court finds the following facts:
1. The parties were married in Norwalk, Connecticut on May 6, 1990;
2. The minor child of the parties, George, was born on August 5, 1990; CT Page 6985
3. The child has resided with his parent or parents at the following locations since his birth:
a) August 5, 1990 — July, 1991 — Connecticut
b) August, 1991 — August, 1992 — Georgia
c) September, 1992 — April 20, 1994 — Connecticut
d) April 20, 1994 — to present time — Georgia;
4. The maternal grandparents have resided in Georgia for approximately five years. The child has a close relationship with them and has frequently visited with them in Georgia during the years;
5. The defendant intends to live permanently in Georgia.
6. The defendant left this state with the child on April 20, 1994 because of her fear of the plaintiff. The defendant testified that the plaintiff is a drug addict and threatened her with his taking the child out of this country.
Since this court was advised that a court in Georgia had entered a custody order involving the child of the parties at a time prior to the commencement of the present action, this court stayed the proceeding and, pursuant to Connecticut General Statutes, section 46b-96(c), contacted, by phone, the Georgia court. On July 15, 1994, this court spoke with Judge David Cavendar to determine which state would be the more appropriate forum to litigate the issues of custody and visitation. This court found Judge Cavendar to be most cooperative and understanding in our discussions over the question of the exercise of jurisdiction. Judge Cavendar indicated that he entered his orders to maintain the status quo and recognized that Connecticut is the home state of the child as defined under Section 46b-93 of the Connecticut General Statutes. He stated he had no objection to Connecticut assuming jurisdiction but graciously agreed to accept jurisdiction if this court decided to decline jurisdiction.
This court is the home state of the child and has jurisdiction over the issue of custody. However, under the circumstances of this case, the court, pursuant to Connecticut General Statutes section 46b-97, declines to exercise its jurisdiction because it CT Page 6986 finds it is an inconvenient forum to make a custody determination. It defers to the Georgia court to determine the issue for the following reasons:
 1. Georgia has a basis for jurisdiction in that the mother and child have substantial contacts with that state in that:
 a) they previously resided there;
b) the maternal grandparents reside there;
 c) the child has received medical attention in that state;
 d) the mother and child have visited in Georgia during the last two years;
 e) the mother's expressed intention to live in Georgia in the future.
 2. The Georgia court has issued a temporary custody order in a proceeding that was initiated prior to the plaintiff's commencement of this action in Connecticut, and the Georgia court assumed jurisdiction in substantial compliance with the jurisdictional requirements of the Uniform Child Custody Jurisdiction Act.
 3. The Georgia court, by Judge Cavendar, indicated a willingness to continue to assume jurisdiction over this matter.
 4. The court finds that the defendant's explanation for leaving this state with the child and going to Georgia was plausible. The defendant's action was reasonable under the circumstances, and her conduct was not reprehensible.
 5. This court is confident that the parties will get the same fair treatment of their claims in the Georgia court as in Connecticut, and the child's life will be less disrupted by not returning him to Connecticut before a final decision is made as to where he will reside in the future.
CT Page 6987
Therefore, the court declines to exercise jurisdiction over the issue of custody on the condition that the defendant pursues to completion the litigation of the issue in the state of Georgia, and this court suspends any further hearings in Connecticut on this issue and hearings will not resume unless this court is notified of the defendant's failure to pursue the matter.
The court retains jurisdiction over the remaining issues in the dissolution of marriage action commenced by the plaintiff.
So ordered.